Case 14-2468, Lauri Huffman v. Speedway, LLC. Oral argument, 15 minutes per side. Mr. Thomas for the appellant. You may not need the full time, so we've already gone over all the facts, so just hit whatever is different about this one. Absolutely, Your Honor. I think that's a hint. Will do, Your Honor. If it may please the court, again, my name is Will Thomas. I represent the appellant, Ms. Lauri Huffman. Your Honors, this is the second case before the court. This case concerns matters with regard to whether or not Ms. Huffman properly pled a retaliation claim under the Family Medical Leave Act, and in the alternative, whether or not she has a substantively viable retaliation claim. Ms. Huffman raised three issues on appeal. If there is no objection from the court, we will quickly turn to the first issue on appeal. In denying Ms. Huffman's Hirsch remand motion, the district court found that Ms. Huffman did not have a viable retaliation on two bases. The first is the district court found that she pled only an interference claim. She specifically pled an interference claim in that her complaint, even construed as generously as possible, didn't encompass a retaliation claim. And the foundation of the district court's holding was its reliance on the Seeger versus Cincinnati Bell Telephone Company case. The court's alternative holding was even if Ms. Huffman has a viable retaliation claim, it doesn't pass muster under a stricter standard at the motion for summary judgment stage of litigation, and that the Wysong versus Dow Chemical Company's rule about notice pleading with regard to family claims is inapplicable at the summary judgment stage. And Ms. Huffman asserts that the district court erred in both regards. Again, in Wysong versus Dow Chemical Company, before the substantive discussion on involuntary leave, discussed what is required to plead claims under the Family Medical Leave Act. And the Wysong court held that a plaintiff who provides general allegations of violations under the Family Medical Leave Act, allegations that encompass both a retaliation and interference theory because the two somewhat overlap, that is enough that it's sufficient to put the defendant on fair notice that they would be seeking to move under either the interference theory or the retaliation theory. So where is the retaliation theory? I'm looking at paragraphs 32 and 33, which I would think are the relevant paragraphs. Are there other paragraphs that are relevant? Factual allegations, paragraphs 21 and 25 set the stage that she informed Speedway that she was going to be taking leave and that they forced her against her will and she objected to taking FEMA leave. But yes, Your Honor, paragraphs 32 and 33 are the essentials for the retaliation claim. And paragraph 33 specifically specifies that she was terminated for opposing what she believed was an unlawful practice on Speedway's part under the Family Medical Leave Act. That being- Well, the refusal to take leave isn't, I didn't quite understand the last part. What is it that's the protected act, her refusal to take leave? Her opposition to Speedway's attempt to force her to take involuntary leave, opposing what she reasonably believes is an unlawful act. That being- That would seem to make this claim derivative of your interference claim, i.e., if in fact Speedway was entitled under the statute to ask her to demand that she take leave, that they're following through on that, they're making that demand, can't be retaliation. With one, you're very close, Your Honor. Yes, the one salient difference, which would, you know, an otherwise non-unlawful act by Speedway on the interference there, but would still be retaliation, is under FEMA's regulations, which would be 825.220E. It is a protected activity for an employer, or for an employee to oppose a practice that they reasonably believe to be unlawful. The very few courts who have- But that really would make every ordinary dispute a retaliation claim. That is, employer says, I'm gonna do this. Employee says, you shouldn't do that. The employer goes ahead and does it. Then it must be retaliation for opposing it, and that can't be the law. When you go to the substance of whether the first dispute is right, which is the case we just heard, how can it be retaliation to do exactly the thing that you said you're going to do? Well, Your Honor, that would be, where this would come up in the McDonnell-Douglas framework is, yes, it might be, you would say, in every case would satisfy the prima facie case of the protected activity. It would be one element of that. The first stage of the prima facie case is not onerous. It's a burden easily met. In those cases that would seem, you know, farcical to be retaliation would probably be knocked out at the pretext stage because the employer would come up with a legitimate reason for what they did that was grounded both in fact and law, and the employee wouldn't be able to show pretext. So if we were to, I'm not saying we will, but if we were to rule in your adversary's favor on the first point, wouldn't that be ipso facto non-pretextual? In the, no, Your Honor, because getting through the prima facie stage of the retaliation claim, Ms. Huffman would have engaged in a protected activity. She was terminated. She was terminated within a month of engaging in her protected activity. So the burden then would shift to Speedway, but that's where the problems begin. This wasn't decided by the district court. The district court never went into the substance of Ms. Huffman's retaliation claim. Speedway, even though Ms. Huffman asserted a full McDonnell-Douglas analysis in her opening brief, Speedway didn't respond to that. So we can only guess as to what their legitimate business reason would be. It's assumed based off of what they've said to date that it would be that she didn't return the leave paperwork in a timely manner as required under the policy. And then as pretext for that, Ms. Huffman asserted that under both the FEMLA policy and the personal leave of absence policy Speedway has, none of them discuss involuntary leave. Speedway does not have the right under its own policy to force an employee to take involuntary leave. Well, I mean, the alternative is worse. I mean, if you can't do the job, they could say, well, I'm sorry, we're gonna have to let you go. But the FMLA doesn't let somebody do that or the employer do that when they have an incapacity like this and they make the employer give leave, which is what they tried to do. That is true, Your Honor. The problem with their policy is once again, it's silent on the involuntary leave, but specifically going to their legitimate business reason that Ms. Huffman didn't return the paperwork in a timely manner. There is no procedures set out or responsibility set out for when an employee is forced to take leave against their will in which they don't believe they're suffering from a serious health condition. Well, do they still have to turn in their paperwork in a timely manner? Do they still have to certify it even if they disagree with it? And because that is non-existent in the policies, that they're insufficient in fact and would not be enough to justify Speedway's decision. And on that basis, it would be a legitimate retaliation claim to survive summary judgment. To quickly tie in and to limit the time on the issues to whether she properly pled a retaliation claim, both Wysong and a subsequent opinion in Morris v. Family Dollar affirmed that Plaintiff only has to give reasonable notice to the defendant of which claims could be asserted in there. Judge Boggs hit on the essence of the immediate claim. And what's really important is to distinguish what the District Court relied on in the Hoff-Pierre case. In Hoff-Pierre, this court held that the plaintiff only pled a retaliation claim and didn't have an interference claim and specifically looked at three facts from the complaint. The title of the plaintiff in Hoff-Pierre's complaint, which was entitled FMLA Retaliation. One of the specific allegations was that the plaintiff was designated for engaging in a protected right. And third, the injuries were related to the defendant's retaliation. Very, very specific claims only tied to retaliation. Ms. Huffman, like Wysong and Morris, she pled general violations as the title of her claim, although not dispositive. And as Judge Boggs pointed out, there is a claim for retaliation and other claims in there for her involuntary leave. Where did I say that? I don't, I mean, in paragraph 33, you say defendant violated plaintiff's rights under the act. Very, very general, okay? So maybe it encompasses both. But then you look at 32, it says, defendant used FMLA against plaintiff in an unlawful manner, parenthetical, conditioning her employment on having to apply for FMLA leave when she did not need to. That is interference. Yes, Your Honor. There's not a whiff of retaliation in here. I imagine this was complete news to the district court when it was told, what about our retaliation claim? I mean, I've read complaints with retaliation claims. I mean, this is, how's the district court supposed to know that? Two points on that, Your Honor. Real quick, because I mean, we have four other cases waiting. The Morris court said, also consider, what would the response to summary judgment specify? One claim or the other, or both? In that case, it was ambiguous. In our case, both were addressed specifically and in spades, and the district court simply overlooked it. And on those points, Your Honor, I will cede the rest of my time, and for any other, I have two minutes for rebuttal, if any. If you need it, thank you. Thank you very much, Your Honor. I believe it would serve me well to keep my comments here very brief, and I'll do that by starting with this. The best evidence that there was not a retaliation claim before the district court is the fact that the plaintiff never made that argument until four months after the court had granted summary judgment on the interference in pregnancy discrimination claim, which then required the plaintiff to file the motion that is subject to this appeal here today, the Hirsch remand motion. I agree with your reading, Judge Kethledge, of the complaint that there is nothing in there that suggests anything other than an involuntary leave claim. If you're gonna allege retaliation, you have to identify what the protected activity is. You have to allege that Speedway had knowledge of it, and that there was a causal connection between the protected activity and the termination. The complaint, or the amended complaint, is devoid of any such allegations. And so the district court was correct in ruling only on the interference claim because that's the only claim that was before the court. And the district court was correct in denying the Hirsch motion for remand for that same reason. Have you ever seen a successful appeal of a denial of a Hirsch motion? I have not. I must admit, it's the first time that I've had to deal with a Hirsch remand motion, and it's an interesting area of the law, but one that I think is completely inappropriate. I've dealt with the motion a lot. I've never seen an appeal from one, let alone a successful appeal. And that is one argument we made, is that if you look at the cases, there are four instances, for example, where the transcript from the lower court has somehow disappeared, and there's some procedural issue unrelated to what claims were before the district court. One last point, and I think it's dispositive as well, is the argument we made in our brief that the motion is untimely because it had to be made within the period of time for the appeal. If what you're going to argue is that the district court made a legal mistake, which is what they're asserting here. Thank you, counsel. Any need for rebuttal, sir? One case example of a successful Hirsch remand motion, Bovey v. Coopers in LeBrand. It was cited in our Hirsch motion. Successful motion or successful appeal of a denial? Successful appeal of a denial of a motion. Which case was that? That was Bovey v. Coopers in LeBrand CPA. Okay, we'll look for it. 272 F3D 356 from 2001. And unless your honors have any further questions, I respectfully request that the district court be reversed. Thank you, your honors. That case will be submitted as well. The court may call the next case.